**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **FRANCISCO TREVINO AND ROSA TREVINO,** | § | |
| *Plaintiffs*, | § § § | |
| **v.** | § | **CIVIL ACTION NO. 7:16-CV-00179** |
| | § | |
| **STATE FARM LLOYDS AND SYLVIA GARZA,** | § § | **JURY DEMAND** |
| *Defendants*. | § | |

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW, Francisco Trevino and Rosa Trevino ("Plaintiffs") and file this, *Plaintiffs' First Amended Complaint*, complaining of State Farm Lloyds ("State Farm") and Sylvia Garza ("Garza") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

## PARTIES

1.  Plaintiffs Francisco Trevino and Rosa Trevino are citizens of the State of Texas who reside in Hidalgo County, Texas.

2.  Defendant State Farm Lloyds is an unincorporated association engaged in the business of writing insurance on a "Lloyd's plan" as defined in and created by Chapter 941 of the Texas Insurance Code. This defendant is properly before the Court.

3.  Defendant Sylvia is an individual adjuster engaged in the business of adjusting insurance claims in the State of Texas and citizen and domiciliary of the State of Texas. This defendant is properly before the Court.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  Plaintiffs reserve the right to amend their complaint during and/or after the discovery process.

5.      This case was originally filed in the District Court of Hidalgo County, Texas, and all claims asserted arose under state law.  Defendants removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332.

6.      At the time of removal, this Honorable Court did not have jurisdiction over this cause of action as specified by 28 U.S.C. § 1332.  With Defendant Garza, a Texas domiciliary and citizen, there is not complete diversity of citizenship between the parties.  Plaintiffs are citizens of Texas.  Accordingly, this Honorable Court does not have jurisdiction over this cause of action, and this case should be remanded to state court.

## VENUE

7.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## FACTS

8.      Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

9.      Plaintiffs own the insured property, which is specifically located at 902 Greenland Circle S, Palmview, Texas 78572, in Hidalgo County (hereinafter referred to as "the Property").

10.     State Farm sold the Policy insuring the Property to Plaintiffs.  Plaintiffs purchased the Policy to insure their Property against hail storm and windstorm losses.  In doing so, Plaintiffs reasonably relied on State Farm's representations that damages caused by hail storm and/or windstorm would be covered under the Policy and that if Plaintiffs timely submitted a claim against the Policy for hail storm and/or windstorm damages to their Property, State Farm would conduct an fair, reasonable, and unbiased investigation and promptly issue payment to Plaintiffs for covered hail storm and/or windstorm damages to the Property, subject to the applicable deductible and the loss settlement provision in the Policy.

11.     On or about May 9, 2014, a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence.  Specifically, Plaintiffs' roof sustained extensive damage during the storm, including numerous detached and/or damaged shingles.  Water intrusion through the roof caused significant damage throughout the entire home, including, but not limited to, the home's ceilings, walls, insulation, and flooring.  Plaintiffs' home also sustained substantial structural and exterior damage during the storm, including damage to the outside brick siding.  Furthermore, Plaintiffs sustained food loss due to loss of electricity caused by the storm.  After the storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the hail storm and/or windstorm.

12.     Plaintiffs submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

13.     Plaintiffs asked that State Farm cover the cost of repairs to the Property, pursuant to the Policy.

14.     Defendant State Farm assigned Defendant Garza as the individual adjuster on the claim. Defendant Garza was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  Specifically, on or about December 10, 2014, Defendant Garza conducted a substandard inspection of Plaintiffs' Property, spending about forty-five (45) minutes inspecting Plaintiffs' entire Property for hail storm and/or windstorm damages, including the time it took to get onto the roof and scope the damages.  The inadequacy of Garza's inspection is further evidenced by her report dated, December 17, 2014, which failed to include all of Plaintiffs' damages noted upon inspection.  For example, Garza's report did not account for all of the interior damages.

15.     Moreover, Garza both underestimated and undervalued the cost of repairs to the damaged items that she did include in the estimate.  Specifically, despite clear storm damage to the roof, including numerous detached and/or damaged shingles, Garza's estimate only allowed for replacement of approximately six (6) damaged shingles.  Defendant Garza refused to acknowledge the extensive and obvious damage to the roof, even though the extensive damage to the roof warranted replacement.  Defendant Garza also improperly depreciated the damaged items included in her estimate.   In part, Garza applied depreciation in excess of eighty percent (80%) without any reasonable explanation for application of such significant depreciation or any annotations in her estimate regarding

the age and/or condition of the damaged items. Defendant Garza underpriced the cost of materials required for necessary repairs, including the allotment for the roof, incorrectly applied material sales tax, and improperly depreciated the damaged items in her estimate. Ultimately, Garza's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Plaintiffs' claim was denied due to the fact that Garza's estimate fell below Plaintiffs' deductible.

16.     Further, in her December 18, 2014, payment letter to Plaintiffs, Garza completely failed to give any reason or explanation for her decision to not compensate Plaintiffs for all of the damages they had reported. The items were simply ignored by Defendant Garza. Plaintiffs' claim was denied due to the fact that Defendant Garza's estimate fell below Plaintiffs' deductible. Although Garza was aware of Plaintiffs' reported potential damages covered by the Policy, she made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages. Ultimately, Garza determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus no payment would be made on the claim. Garza's inadequate investigation of the claim was relied upon by State Farm in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

17.     Defendant State Farm, along with other State Farm personnel, failed to thoroughly review and properly oversee the work of the assigned adjusters, including Defendant Garza, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. State Farm and Garza misrepresented that Plaintiffs' damages did not exceed the Policy deductible, when the losses in fact, far exceeded the deductible amount.

Specifically, State Farm and Garza represented to Plaintiffs that all of the storm damages to their Property were accounted for and that State Farm and Garza adequately represented the amounts needed to repair the storm damages, when, in fact, State Farm and Garza knew that the cost of repairs to all of the damages were grossly undervalued and that a significant portion of the damages were either ignored or improperly adjusted.

18.     Together, Defendants State Farm and Garza set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

19.     As a result of Defendants' conduct, as described above and further described herein, Plaintiffs did not receive the full payment they were entitled under the Policy for their hail storm and/or windstorm damages and losses.  As previously stated, when Plaintiffs originally purchased the Policy issued by State Farm, Plaintiffs reasonably relied on State Farm's representations that it would conduct a fair and unbiased investigation of Plaintiffs' claims against the Policy and promptly issue payment to Plaintiffs for all properly-covered hail storm and windstorm damages to the Property (subject to Plaintiffs' applicable deductible and the loss settlement provision in the Policy).  At no time did State Farm disclose to Plaintiffs that, in fact, it would conduct an unreasonable, unfair, and/or biased investigation of claims that Plaintiffs submitted against the Policy

for hail storm and/or windstorm to their Property and thereby underpay and/or deny Plaintiffs' claims for properly-covered hail storm and/or windstorm damages to the Property.  As such, Plaintiffs reasonably relied on State Farm's misrepresentations upon purchasing their initial State Farm insurance policy, and but for State Farm's misrepresentations described above and otherwise herein, Plaintiffs would not have purchased the Policy issued by State Farm and would have purchased an insurance policy from a different insurer to insure the Property against hail storm and/or windstorm losses.

20.    As detailed in the paragraphs above and below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21.    To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

22.    Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

23.    Defendants State Farm and Garza misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants State Farm's and Garza's conduct constitutes a violation

of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24.     Defendants State Farm and Garza failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Garza's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

25.     Defendants State Farm and Garza failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Garza failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Garza did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants State Farm's and Garza's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26.     Defendants State Farm and Garza failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Garza. Defendants State Farm's and Garza's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

27.     Defendants State Farm and Garza refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Garza failed to conduct a

reasonable investigation.  Specifically, Defendants State Farm and Garza performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants State Farm's and Garza's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

28.   When Plaintiffs first purchased and obtained the insurance policy insuring the Property from State Farm, State Farm misrepresented to Plaintiffs that the Policy, Plaintiffs would be entitled to payment from State Farm for damages caused by a covered loss, including hail storm and/or windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiffs timely submitted against the Policy.  If Plaintiffs had known that State Farm was not going to pay for hail storm and/or windstorm damages that were to be covered under the Policy and/or that State Farm would conduct an outcome-oriented and/or unreasonable investigation of Plaintiffs' claim and damages, Plaintiffs would not have purchased the Policy from State Farm and, instead, would have purchased a different insurance policy insuring the Property from a different insurer. Defendant State Farm made material misrepresentations as to coverage under the Policy upon Plaintiffs' purchasing of the Policy that misled Plaintiffs, including untrue statements of material facts and wrongfully concealed material facts necessary to make State Farm's other representations not misleading, upon which Plaintiffs to reasonably relied to their detriment.   State Farm's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies.  TEX. INS. CODE §§ 541.061(1), (2), (3) and (5).

29.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.055.

30.     Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.056.

31.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.   State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.058.

32.     From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33.  Defendants State Farm and Garza knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

34.  As a result of Defendants State Farm's and Garza's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

35.  Plaintiffs' experience is not an isolated case.  The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.  State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**CAUSES OF ACTION**:
**CAUSES OF ACTION AGAINST DEFENDANT GARZA**
**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

36.  Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 35 as though fully set forth herein.

37.  Defendant State Farm assigned Defendant Garza to adjust the claim.  Defendant Garza was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.  During her investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.  Garza also omitted covered damages from her report, including many of Plaintiffs' interior damages.  In addition, the damages that the adjuster did include in the estimate were severely underestimated.  Furthermore, Garza corresponded with Plaintiffs in a letter, dated December 18, 2014, in which she failed to give Plaintiffs an adequate explanation as to

why she undervalued and omitted so many of their damages from her report.  Ultimately, Garza's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.  Plaintiffs' claim was denied due to the fact that Defendant Garza's estimate fell below Plaintiffs' deductible.

38.   Defendant State Farm knew or should have known that Defendant Garza lacked the knowledge and experience to adequately investigate claims of this nature.   The unreasonable investigation of Plaintiffs' damages as well as its consequences can all be attributed to Defendant State Farm's inadequate policies and procedures and its failure to use properly trained adjusters on its losses.

39.   Defendant Garza's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

40.   Defendant Garza is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of State Farm, because she is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

41.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Garza's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received.  Defendant Garza's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

42.     Defendant Garza's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

43.     Defendant Garza failed to explain to Plaintiffs the reasons for her offer of an inadequate settlement.   Specifically, Defendant Garza failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did she provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair

settlement practice of Defendant Garza as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

44.    Defendant Garza's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

45.    Defendant Garza did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm.  Defendant Garza's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

46.     Plaintiffs are not making any claims for relief under federal law.

47.     Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 35 as though fully set forth herein.

### FRAUD

48.     Defendants State Farm and Garza are liable to Plaintiffs for common law fraud.

49.     The intentional undervaluing of covered storm damage by Garza and State Farm is prevalent in State Farm's claim handling practices.   Defendant Garza authored a letter dated December 18, 2014 to Plaintiffs with her estimate, which states, "State Farm agrees there is covered damage caused by wind which we have itemized in our estimate." However, Defendants knew that the estimate Garza was referring to was completely inadequate to give Plaintiffs a reasonable explanation as to why Defendants failed to include and/or undervalued so many of Plaintiffs' covered damages.   Defendants also knew that the estimate did not reflect all of the covered damages reported by Plaintiffs and undervalued the cost of repairs of the damages that were included, which would not allow Plaintiffs to repair the full damages to the insured property.   Defendants State Farm and Garza misrepresented to Plaintiffs that the estimate included all the covered hail storm and/or windstorm damages and was adequate to cover all the repairs; however, the estimate of Plaintiffs' loss did not include many of the covered damages that were caused by the storm.

50.     Further, attached to Defendant Garza's estimate is a Structural Damage Claim Policy from State Farm, which states, "We want you to receive quality repair work to restore the

damage to your property." These statements are also untrue and constitute misrepresentations.

51.    State Farm and Garza knew at the time the above misrepresentations contained in the estimate was made to Plaintiffs that it was false because they failed to include all of Plaintiffs' hail storm and/or windstorm damages in the report.  Garza, who investigated and handled Plaintiffs' claim in accordance with the foregoing training, direction, and instruction provided by Defendant State Farm, failed to perform a thorough inspection and evaluation of Plaintiffs' hail storm and/or windstorm damages, failed to cover claims that were clearly covered and, thus, undervalued and under paid Plaintiffs' claim; thereby denying properly covered damages.  As a result, Plaintiffs relied upon the actions and statements of Defendants by not repairing the damages for lack of funds, and/or making temporary repairs using their own limited out-of-pocket funds, further prolonging Plaintiffs' hardship of living in a damaged house.

52.    Moreover, State Farm initially represented in its Policy that covered damages would be insured against loss. To their detriment, Plaintiffs purchased State Farm's policy in exchange for a benefit State Farm knew they would not fully receive.  In part, State Farm knowingly defrauds its insureds by withholding benefits it knows or reasonably should know it owes the insureds pursuant to the insurance policies and contracts it issues/writes, sells and markets by strictly admonishing any adjuster or employee who attempts to fully and adequately compensate policyholders in proper compliance with the terms of the applicable policy.

53.    Defendants' written and verbal misrepresentations, as well as their misrepresentations by means of deceptive conduct, concerned material facts.  Each and every one of these

representations, as detailed in the paragraphs above, concerned material facts for the reason hat absent such representations, Plaintiffs would not have acted as they did. Defendants State Farm and Garza knew such representations to be false or made the representations recklessly without any knowledge of their truth as a positive assertion.

54.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.  As a result of Defendants' fraudulent conduct as described above and further herein, Plaintiffs suffered damages.

## CONSPIRACY TO COMMIT FRAUD

55.     Defendants State Farm and Garza are liable to Plaintiffs for conspiracy to commit fraud.

56.     Defendants State Farm and Garza were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Garza committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE FARM ONLY

57.     Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 35 as though fully set forth herein.

58.     Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

59.   Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

60.   Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

61.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §§ 541.060(a), 541.061.   All violations under this article are made actionable by TEX. INS. CODE § 541.151.

62.   Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

63.   Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

64.   Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

65.    Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

66.    Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

67.    Defendant State Farm's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described in paragraphs 8 through 66 and otherwise herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner would mislead a reasonably prudent person to a false conclusion of a material fact, and which did mislead Plaintiffs to a false conclusion of material fact regarding coverage under their Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.061.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

68.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.   All violations made under this article are made actionable by TEX. INS. CODE §542.060.

69.     Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

70.     Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

71.     Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

72.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Garza is an agent of State Farm based on her acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

73.   Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Garza including the completion of her duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

74.   Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

75.   Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

76.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

77.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

78.   As previously mentioned, the damages caused by the May 9, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant State Farm's and Garza's mishandling of Plaintiffs' claim in violation of the laws set forth above.

79. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

80. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  TEX. INS. CODE §541.152.

81. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

82. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

83. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

84. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

85.    Plaintiffs previously requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.  Plaintiffs have tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
J. Steve Mostyn, *Of Counsel*
State Bar No. 00798389
rmsigman@mostynlaw.com
rmsdocketefile@mostynlaw.com
3810 W. Alabama St.
Houston, Texas  77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

***Attorneys-In-Charge for Plaintiffs***

Page 23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 5th day of May, 2016, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on Defendants by and through each of its attorney(s) of record who are registered users of the ECF, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

<u>  /s/ René M. Sigman  </u>
René M. Sigman